**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **JULIUS E. DANDRIDGE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIV 06-01151 PHX JAT (MEA) |
| ) | |
| **DORA SCHRIRO and** ) | |
| **ARIZONA ATTORNEY GENERAL,** ) | REPORT AND RECOMMENDATION |
| ) | |
| Respondents. ) | |
| _____) | |

**TO THE HONORABLE JAMES A. TEILBORG:**

On April 24, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254, challenging his criminal conviction by an Arizona state court. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on September 18, 2006.  Docket No. 13. Respondents assert that the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice.  On November 17, 2006, Petitioner filed a Reply to Respondents Answer to Writ of Habeas Corpus. See Docket No. 21.

**I Procedural History**

On February 18, 1992, Petitioner was indicted on four counts of sexual assault (class 2 felonies), one count of

kidnapping (a class 2 felony), and one count of aggravated assault (a class 3 felony).  See Answer, Exh. B.  On July 9, 1992, Petitioner pled guilty to the four counts of sexual assault charged in the indictment and the government dismissed the kidnapping and aggravated assault charges.  See id., Exh. C & Exh. D.

On August 7, 1992, at a sentencing hearing, the trial court found four aggravating circumstances regarding Petitioner's crimes.  Id., Exh. E.  Petitioner was sentenced to aggravated, consecutive terms of 10 years imprisonment on each count of conviction.  See id., Exh. E.  Petitioner filed a notice of appeal on August 20, 1992, which was denied by the Arizona Court of Appeals on September 23, 1993.  Id., Exh. J. On December 23, 1993, Petitioner submitted a petition for review of this decision to the Arizona Supreme Court, which denied review on March 4, 1994.  Id., Exh. L & Exh. M.

Petitioner initiated an action for post-conviction relief on April 23, 2004, by filing a "Delayed Petition [for] Post-Conviction Relief" in Arizona Superior Court.  Id., Exh. O. Petitioner alleged he had received ineffective assistance of counsel during his plea and appeal proceedings, that he had been coerced into pleading guilty, that he had discovered unspecified new evidence, and that he had been "sentenced and prosecuted vindictively."  Id., Exh. O. Petitioner asserted his petition for post-conviction relief was not filed sooner because his counsel's performance was deficient and because of the limited legal resources available at the Arizona Department of

Corrections.  Id.

The state trial court construed Petitioner's pleading as a notice of post-conviction relief, and appointed counsel to represent him. See id., Exh. P. The Arizona Superior Court also exempted Petitioner from the time limitations set forth in Rule 32, Arizona Rules of Criminal Procedure, because he was convicted in 1992 and had not previously filed a Rule 32 action, and concluded Petitioner's suit for post-conviction relief was timely filed. Id., Exh. P.

On October 1, 2004, Petitioner's counsel filed a notice stating she had reviewed the record and was unable to find a meritorious claim to raise in the action for post-conviction relief. Id., Exh. Q. The trial court granted Petitioner an extension of time to file a *pro se* petition for post-conviction relief. Id., Exh. R. Petitioner filed his petition on January 4, 2005, asserting: (1) his guilty plea was not "voluntary, knowing, or intelligent"; (2) his sentence was improperly aggravated, pursuant to the holding in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); (3) his counsel was ineffective; (4) he "did not understand the consequences of the plea"; and (5) the trial court sentenced him "other than in accordance with the sentencing procedures established by rule and statute." Id., Exh. S.

The Arizona trial court concluded Petitioner had "failed to show a colorable claim for post-conviction relief," and summarily dismissed the petition on March 31, 2005. Id., Exh. V.  On May 18, 2005, Petitioner sought review of this

decision by the Arizona Court of Appeals. Id., Exh. W. In his petition for review, Petitioner conceded Blakely did not apply to his sentences, and he asked the appellate court to "delete" his Blakely claim from the record. Id., Exh. W. Additionally, Petitioner sought to "amend the record" to add additional claims for relief. Id., Exh. W. On March 3, 2006, the Arizona Court of Appeals denied review of the trial court's dismissal of the Rule 32 petition. Id., Exh. AA. Petitioner did not ask the Arizona Supreme Court to review this decision. Id., Exh. A at 2 & Exh. CC.

Petitioner asserts he is entitled to federal habeas relief because: (1) he was denied his right to the effective assistance of counsel in that, *inter alia*, his counsel "convinced" him to waive a sentencing mitigation hearing; (2) he was denied his right to "fair and equal treatment," pursuant to the Ninth and Fourteenth Amendments — Petitioner alleges he needs mental health treatment and does not have access to this treatment while incarcerated; (3) he has been deprived of his right to due process of law because his counsel was ineffective and because he has no access to mental health treatment; (4) he is being subjected to cruel and unusual punishment because he was coerced into signing a plea agreement resulting in a flat sentence of forty years imprisonment.

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the

-4-

statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

The Arizona Supreme Court denied review of Petitioner's convictions and sentences in his direct appeal on March 4, 1994. Petitioner is, therefore, a state prisoner whose conviction became final on or about June 2, 1994, when the time for petitioning the United States Supreme Court for review of the Arizona state courts' direct appeal of his convictions and sentences expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Accordingly, Petitioner's state conviction became final before April 24, 1996, the effective date of the AEDPA. See Pub. L. No. 104-132, 110 Stat. 1214.

The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Additionally, the AEDPA required state prisoners whose convictions became final before April 24, 1996, to file any petition for federal habeas corpus relief from those convictions prior to April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Because Petitioner's state conviction became final prior to the effective date of the AEDPA, the one-year statute of limitations on Petitioner's action for federal habeas relief began to run on April 24, 1996, and expired on April 23, 1997, unless it was statutorily tolled by any pending action for state post-conviction relief. See Patterson, 251 F.3d at 1246.

Petitioner did not have any pending action for state post-conviction relief pending from April 24, 1996, until April 23, 1997. Petitioner did file a state action for post-conviction relief on April 23, 2004. However, even if this action was deemed timely filed because the state court deemed it so and considered the merits of the claims, this action for post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. See Allen v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Lott, 304 F.3d at 922 (concluding the petitioner was entitled to tolling for the time period that the petitioner was denied access to his legal files while being transferred); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Additionally, equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file

-6-

a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (concluding "at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").[1]

It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034. "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). Petitioner contends the AEDPA's statute of limitations should not apply to his habeas petition because he did not commit a "terrorist type of offense," and because his counsel was ineffective. Docket No. 21 at 10. Petitioner states "time requirements should not apply to petitioner so he should be afforded the opportunity of this action." Id. at 11. Petitioner further states he "will no longer [rebut the

---

[1] The Ninth Circuit Court of Appeals has not squarely addressed whether the United States Supreme Court's opinion in Pace "lowered" the standard for equitable tolling set in Spitsyn. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005). See also Astorga v. Terhune, 130 Fed. App. 181, 183 (9th Cir. 2005); Boudette v. Schriro, 2006 WL 664364, at *3 (D. Ariz.).

-7-

position] of the Respondent(s) regarding AEDPA's [requirements] concerning time limitations because they simply do not apply to him as a non-capital, non classified terrorist litigant." Id. at 12. Petitioner also re-asserts his claims for relief in his traverse to the answer to the habeas petition. In his traverse, Petitioner also asserts he could not previously file his federal habeas petition and that he is entitled to relief because of his "mental condition," i.e., his "psychosexual dysfunction." See Docket No. 21 (passim). In an affidavit filed with his reply to Respondents' answer to the habeas petition, Petitioner contends he was unable to acquire adequate legal help to pursue post-conviction relief and that he has been subjected to increasing levels of custody. Docket No. 23.

A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary mental incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling"); Fisher v. Johnson, 174 F.3d 710, 714-16 (5th Cir. 1999). Additionally, at least one other federal court has concluded "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances" warranting equitable tolling. Corrigan v.

-8-

<u>Barbery</u>, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005).

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable tolling because he was misled or confused about timing of exhausting his state remedies and filing his federal habeas petition); <u>Shannon v. Newland</u>, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."); <u>Miranda</u>, 292 F.3d at 1068 (concluding that counsel's errors in miscalculating the statute of limitations and mis-advising the petitioner did not warrant equitable tolling). <u>Compare</u> <u>Sanchez v. Cambra</u>, 137 Fed. App. 989, 990 (9th Cir. 2005), <u>cert.</u> <u>denied</u>, 126 S. Ct. 1333 (2006); <u>Faught v. Butler</u>, 135 Fed. App. 92, 93 (9th Cir. 2005). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>United States v. Patterson</u>, 211 F.3d 927, 930-31 (5th Cir. 2000) (internal quotations and citations omitted). <u>Compare</u> <u>Corjasso v. Ayers</u>, 278 F.3d 874, 877-78 (9th Cir. 2002).

Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Petitioner allowed approximately ten years to pass, from mid-1994, when his conviction became final after a direct appeal, through 2004, without pursuing any avenue of federal, or state, post-conviction or habeas relief and, therefore, the Court concludes that Petitioner did not act with the requisite reasonable diligence which would warrant equitable tolling of the statute of limitations. See Pace, 125 S. Ct. at 1814-15. Compare Roy v. Lampert, 465 F.3d 964, 969-70 (9th Cir. 2006) (stating "A habeas petitioner ... should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.' [] [The petitioner] must demonstrate that they have 'been pursuing [their] rights diligently ... [and] that some extraordinary circumstance stood in [their] way.'").

Although a state habeas petitioner's demonstrated and extended mental incompetence may warrant the equitable tolling of the AEDPA's statute of limitations, Petitioner provides no evidence he suffers from a demonstrable mental illness which prevented him from timely filing his habeas petition or diligently pursuing post-conviction relief. Compare Laws v. Lamarque, 351 F.3d 919, 924-25 (9th Cir. 2003) (concluding the district court erred by not holding an evidentiary hearing regarding equitable tolling where ongoing, if not consecutive,

periods of mental incompetency were demonstrated by the petitioner); Nara v. Frank, 264 F.3d 310, 319-20 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). See also Woodburn v. Stewart, 154 Fed. App. 643, 645 (9th Cir. 2005) (concluding a habeas petitioner is entitled to a remand for further factual development of his claim of equitable tolling due to mental incompetence whenever the petitioner alleges "in a sworn pleading, against which the state has offered no evidence at all, that he was incompetent in the years when his petitions should have been filed," quoting Laws, 351 F.3d at 923).

### III Conclusion

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established that he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action. See Smith v. McGinnis, 208 F.3d 13, 17-18 (2d Cir. 2000) (concluding that the petitioner's delays in seeking collateral review of his conviction did not show reasonable diligence, and that the AEDPA's tolling provision already accommodated the exhaustion requirements that prisoners faced, and that petitioner's pro se status during most of limitations period did not merit equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

**IT IS THEREFORE RECOMMENDED** that Mr. Dandridge's Petition for Writ of Habeas Corpus be **denied and dismissed with**

**prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 28th day of November, 2006.

_____
Mark E. Aspey
United States Magistrate Judge