**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Julius E. Dandridge,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro; et al.,<br><br>　　　　　Respondents. | No. CV 06-1151-PHX-JAT<br><br>**ORDER** |

　　　　Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus. On November 29, 2006, the Magistrate Judge issued a report and recommendation ("R&R") recommending that the Petition be dismissed because it is barred by the statute of limitations (Doc. #25). Petitioner timely filed objections. (Doc. #29).

　　　　This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because objections were filed in this case, the Court will review the R&R *de novo*.

　　　　The R&R recounts the procedural history of this case at pages 1 through 4. Neither party objects to the summary of the facts, and the Court accepts and adopts that summary as discussed hereafter. Petitioner pled guilty in July of 1992 and was sentenced on August 7,

1992. Petitioner appealed to the Arizona Court of Appeals, which the Court of Appeals denied on September 23, 2003. Petitioner filed a Petition for Review to the Arizona Supreme Court; the Supreme Court denied review on March 4, 1994.

The Anti-Terrorism and Effective Death Penalty Act was enacted April 24, 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The Anti-Terrorism and Effective Death Penalty Act created a one-year statute of limitations for seeking habeas relief. *Id.* For prisoners seeking federal habeas relief whose convictions became final before April 24, 1996, their statute of limitations began to run on the date of enactment. *Id.* Thus, their statute of limitations expired April 24, 1997. *Id.*

In this case, Petitioner's conviction became final 90 days after March 4, 1994 (the time to appeal to the United States Supreme Court, *see Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999)). Thus, Petitioner's conviction became final on June 2, 1994. Because June 2, 1994, is pre-April 24, 1996, Petitioner's statute of limitations to file his federal habeas petition expired April 24, 1997.

Petitioner filed this Petition on April 24, 2006, nine years after the statute of limitations expired. Nonetheless, Petitioner argues in his objections that his Petition is timely because the state court set aside the timeliness requirements to allow Petitioner a "full round" of exhaustion. Objections at 6.

Specifically, Petitioner filed a Notice of Post-Conviction Relief on April 23, 2004. The state trial court judge stated, "A review of the record shows that the defendant was sentenced on August 7, 1992, and has not previously sought Rule 32 relief. The court finds that the defendant is therefore exempted from the timeliness requirement and is allowed to file the notice so late after sentencing." Doc. #13-3, Exhibit P, Page 82.[1]

---

[1] Presumably, the state trial court judge was applying the administrative order of the Supreme Court of September 24, 1992, which states, "IT IS ORDERED amending *nunc pro tunc* a previous order of this Court dated June 2, 1992, which amended Rule 32, Arizona Rules of Criminal Procedure. The effective date of such order dated June 2, 1992 is amended from December 1, 1992 to September 30, 1992. Such order is hereby further amended to be applicable to all post-conviction relief petitions filed on and after September 30, 1992, except

- 2 -

1       The state court denied Petitioner's request for post-conviction relief summarily on 2 March 31, 2005.  Petitioner appealed and on March 3, 2006, the Arizona Court of Appeals 3 denied review.

4       Petitioner's filing of this habeas petition on April 24, 2006, is within one year of when 5 the Arizona courts resolved Petitioner's post-conviction relief Petition.  Thus, Petitioner 6 argues that "the timeliness requirements were set aside" and the Anti-Terrorism and Effective 7 Death Penalty Act should not apply to him. Objections at 5.  Petitioner is incorrect.  While 8 the state court decides timeliness issues on state rules, federal law governs the statute of 9 limitations analysis under the Anti-Terrorism and Effective Death Penalty Act.  *Summers v.* 10 *Schriro*, 2007 WL 738447, *4-*5 (9th Cir. March 13, 2007).  Therefore, the state court does 11 not have the power to set aside the timeliness requirement of the Anti-Terrorism and 12 Effective Death Penalty Act.

13       This conclusion, however, does not end the inquiry.  Since the R&R was issued, the 14 Ninth Circuit Court of Appeals issued its opinion in *Summers*.  *Id.*  In *Summers*, the Court 15 held that, for a defendant who pled guilty, the first Rule 32 petition "of-right" is part of the 16 "direct review" of the defendant's case; therefore, the Anti-Terrorism and Effective Death 17 Penalty Act statute of limitations does not begin to run until the first Rule 32 petition is 18 completed before the state courts.  *Id*. at *7.

19       The Ninth Circuit Court of Appeals held that the Rule 32 of-right was part of "direct 20 review" based on the "direct review" language of the Anti-Terrorism and Effective Death 21 Penalty Act.  *See Summers*, 2007 WL at *7 (citing 28 U.S.C. § 2244(d)(1)(A)).  The Ninth 22 Circuit Court of Appeals based this conclusion, in part, on the language from *Montgomery* 23 *v. Sheldon*, 889 P.2d 614 (Ariz. 1995); specifically the Ninth Circuit Court of Appeal found, 24 "the Arizona Supreme Court recognized that a Rule 32 of-right proceeding is 'procedurally

---

26 that the time limits of 90 and 30 days imposed by Rule 32.4 shall be inapplicable to a 27 defendant sentenced prior to September 30, 1992 who is filing his first petition for post-conviction relief." Order of the Supreme Court of Arizona dated September 24, 1992, 171 28 Ariz. XLIV (Court Rules 1991-1992) (emphasis added).

1  distinct' from a conventional direct appeal, but it observed that as 'the only means available
2  for exercising the constitutional right to appellate review' the proceeding is 'analogous to a
3  direct appeal for a pleading defendant.'" *Id.* at *6.

4  The Ninth Circuit Court of Appeals reached this conclusion without discussing that,
5  after *Montgomery v. Sheldon*, in answering a certified question of the Ninth Circuit Court of
6  Appeals, the Arizona Supreme Court held, "We also hold that a Rule 32 petition for post-
7  conviction relief in the trial court is not an 'appeal' within the meaning of Rule 32.1(f), Ariz.
8  R. Crim. P." *Moreno v. Gonzalez*, 962 P.2d 205, 208 ¶ 18 (Ariz. 1998).  However, perhaps
9  this lack of discussion is because in *Moreno*, the Arizona Supreme Court was discussing a
10 post-conviction relief petition for a defendant who, like Petitioner in this case, had a direct
11 appeal before the changes to the Arizona Rules.

12 Specifically, before September 30, 1992 (the effective date of the amendments to Rule
13 32, as indicated in footnote 1 above), a pleading defendant could file a direct appeal (as
14 Petitioner in this case did in August of 1992).  *See Montgomery v. Sheldon*, 889 P.2d 614,
15 n.3 (Ariz. 1995) *supplemented by* 893 P.2d 1281 (in banc) *superceded in part by statute*,
16 *Arizona v. Smith*, 910 P.2d 1, 4-5 (Ariz. 1996).  After the amendments to the Rules, a
17 pleading defendant did not have the right to a direct appeal.  *See Summers*, 2007 WL at *5
18 ("In 1992, Arizona Rule of Criminal Procedure 17.1(e) was amended to read: 'By pleading
19 guilty or no contest in a noncapital case, a defendant waives the right to have the appellate
20 courts review the proceedings by way of direct appeal, and may seek review only by filing
21 a petition for post-conviction relief pursuant to Rule 32, and if denied, a petition for review.'
22 Ariz. R. Crim. P. 17.1(e).  Rule 32 was amended at the same time to add of-right review
23 proceedings.")

24 Based on the distinction between this case and *Summers*, namely that Petitioner in this
25 case had a direct appeal, this Court finds that Petitioner's post-conviction relief petition filed
26 in 2004 was not "of-right."  As a result, Petitioner in this case falls under the *Moreno* analysis
27 that his post-conviction relief petition was not an appeal, and, accordingly, was not part of
28 "direct review" under the Anti-Terrorism and Effective Death Penalty Act.  Therefore,

Petitioner's 2004 post-conviction relief petition is not part of direct review that would cause the federal habeas statute of limitation to not begin to run until the conclusion of the post-conviction relief process.[2]

Thus, the Court accepts the recommendation of the R&R the Petitioner's statute of limitations expired April 24, 1997. R&R at 5-6.[3] Petitioner's filing of a post-conviction relief petition in 2004 did not revive or restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("we hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Accordingly, the Petition filed in this case in 2006 is untimely.

Additionally, this Court accepts the analysis and recommendation of the R&R that Petitioner is not entitled to equitable tolling of the statute of limitations in this case. *See* R&R at 6-11. In his objections, Petitioner does not object to this recommendation nor does he make any argument why the statute of limitation should be equitably tolled in his case.

Instead Petitioner argues that the Anti-Terrorism and Effective Death Penalty Act should not apply to him because is was enacted for "the Timothy McVeigh's of this country who terrorize these boarders with terrorist activity to prevent them from escaping death, death, death. Not for petitioner who admittedly is seeking to get help for his mental dysfunction and obtain relief from his conviction." Objections at 6. It is well settled that the statute of limitations provisions of the Anti-Terrorism and Effective Death Penalty Act apply

---

[2] This conclusion is further supported by the Court's statement in *Summers* that, "Moreover, because the Rule 32 of-right proceeding is governed by short, definite deadlines, there is little danger that recognizing it as a form of direct review will 'open the door to abusive delay.' *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)." This statement shows that the *Summers* court did not intend to include post-conviction relief petitions that are not subject to short, definite deadlines under the amended version of Rule 32 in the "direct review" category.

[3] Although not relevant to this case, the Magistrate Judge concluded the deadline was April 23, 1997. However, under *Patterson*, it is April 24, 1997.

1 to all federal habeas petitioners, not only terrorists and/or death eligible defendants. Therefore, Petitioners objections on this basis are overruled.

The Court having concluded that the Petition is barred by the statute of limitations,

**IT IS ORDERED** that the Report and Recommendation (Doc. #25) is accepted and adopted, the objections (Doc. #29) are overruled, the Petition is dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 5th day of April, 2007.

James A. Teilborg
United States District Judge